## Mary F. Koerner v. Victor Gauss et al.

1. PARTIES—*In Foreclosure Suits.*—Where the owner of real estate mortgages the same, and afterward sells and conveys the same to another, if his wife joins in the conveyance she need not be made a party to a suit to foreclose the mortgage.

2. FORECLOSURE SALES—*Complainant may Purchase at.*—A decree providing that the complainant may bid at the sale of the premises and become a purchaser without directing that he pay in cash the amount of his bid, is proper where the purpose of the proceeding is to pay the debt with the proceeds of the sale.

3. DECREES—*Motions to Set Aside.*—A motion to vacate a decree, entered in the absence of a defendant, upon the ground that the defendant has a defense, should be supported by affidavits or other evidence showing what such defense is, and that the defendant has been deprived of an opportunity of making such defense, without any fault of his own.

Memorandum.—Foreclosure. Motion to set aside a decree. Appeal from the Circuit Court of St. Clair County; the Hon. ALONZO S. WILDER-

MAN, Judge, presiding. Heard in this court at the August term, 1894. Affirmed. Opinion filed March 23, 1895.

## STATEMENT OF THE CASE.

Bill to foreclose a mortgage on lots 35 and 36, block 2, Oakland addition to the city of Belleville, Illinois, given September 21, 1888, by Annie C. Tindale and husband to Katharina Gauss, to secure a note of the same date for $3,000, payable to her five years after date with six per cent interest, payable semi-annually, executed by said mortgagor and subsequently assigned, before filing of bill by the payee, to complainant, Victor Gauss. It is alleged in the bill that on July 30, 1890, the Tindales, by warranty deed, conveyed said premises to Joseph P. Edmonds, subject to said mortgage; that on November 25, 1891, Edmonds and wife, by warranty deed, conveyed said premises to Sherman N. Haines, subject to said mortgage, and on the same date Haines gave Edmonds a mortgage on the premises to secure his note for $916, payable two years after date with seven per cent interest; that on May 2, 1892, Haines and wife, by warranty deed, conveyed said premises to appellant, Mary F. Koerner, subject to both mortgages, and by the terms of the deed she assumed the payment of the indebtedness thereby secured. After answering, Edmonds filed his cross-bill to foreclose the second mortgage.

On January 25, 1894, the cause was referred to the master to take evidence and report conclusions of law and fact, and on February 23, 1894, the order of reference was set aside and cause set for hearing, and on March 8, 1894, the cause was heard on the bill, answers thereto and replication, cross-bill, answers thereto and replication. The court found it had jurisdiction of the subject-matter and parties; that the allegations of the bill and cross-bill were true; that there is due complainant in original bill from Annie C. Tindale, John S. Tindale and Mary F. Koerner, $3,349, and a solicitor's fee of $150; that there is due complainant in cross-bill, on the note of Sherman N. Haines, $1,062.59, which is a lien subject to the prior lien of complainant in original bill; orders and decrees that said de-

fendants, Annie C. Tindale, John S. Tindale and Mary F.
Koerner, within thirty days from March 8, 1894, pay said
complainant, Victor Gauss, the sum of $3,349, so found to
be due, with interest at five per cent from said date, and
costs, including $150 solicitor's fee; that within the same
time defendants, Sherman N. Haines and Mary F. Koerner,
pay to complainant in cross-bill $1,062.59, so found to be
due him, with five per cent interest from same date, and if ·
default be made in the payment of said sums and interest,
or either of them, the master in chancery shall advertise
and sell the mortgaged premises at public auction, to the
highest and best bidder, for cash, at the front door of the
court house in Belleville.

Then follow the proper and usual directions to the master
as to the publication of notice of the time, place, terms of
sale and description of the premises, giving of certificate to
purchaser or purchasers, and execution and delivery of master's
deed to the purchaser or purchasers, unless the premises are
redeemed. The master is ordered to pay out of the pro-
ceeds of the sale, the costs of suit and solicitor's fee; then
$3,349 with five per cent interest, to said Victor Gauss; then
$1,062.59 with five per cent interest, to said J. R. Edmonds;
and bring the surplus, if any, into court, to wait its further
order. It is then recited in the record that on March 12th,
defendant, Mary F. Koerner, filed her motion to set aside
decree, and affidavit in support thereof; that on March 13th,
all parties being present in court, said motion is set for
hearing on March 17th, with leave to either, or both sides,
to introduce any evidence they may desire on the merits of
the cause, and that the decree heretofore rendered will be
modified or set aside, as may appear proper from the evidence
then to be heard; that on March 17th, the parties being
present in court, no evidence was presented, and defendant
declined to offer evidence unless decree be absolutely vacated.
Thereupon the motion to set aside the decree is by order of
the court denied, whereupon an appeal is prayed and allowed
to defendant, Mary F. Koerner.

G. A. KOERNER, attorney for appellant.

KNISPEL & ROPIEQUET, attorneys for appellees.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

The evidence justified the findings that there was due to complainants in the original and cross-bills, respectively, the several sums found due; that the same were liens due and unpaid on the mortgaged premises, in the order of priority, as decreed, and the parties ordered to pay the same were liable for the amounts, respectively, in the manner and as by the terms of the decree set forth; that defendant, Mary F. Koerner, purchased said lots subject to both mortgage liens and assumed the entire indebtedness thereby secured as a part of the purchase price. On the merits, then, the decree should be affirmed, unless the reasons assigned in the printed argument for appellant require its reversal. The first reason urged is, that Henrietta Haines, whose husband executed the second mortgage, was not in court by service, appearance or publication. She had conveyed her interest in the mortgaged premises to appellant and had no right of redemption, nor was she liable for any part of the mortgage debt, or required by the decree to pay any part thereof. No right or interest of hers was affected by it. It is next urged that it was error to allow complainant to purchase at the sale without paying in cash the amount of his bid.

We perceive no error in this. The desired purpose of this proceeding was to pay the debt with the proceeds of the sale of the mortgaged premises, and this purpose would be effected by complainant taking property at the price either of them should bid, instead of money. But the serious error complained of is the refusal of the court to sustain the motion to vacate and set aside the decree, to allow a defense to be made. The material allegations of the affidavit of appellant's solicitor in support of the motion are, that an order of reference to the master was taken, of which affiant was at the time informed; that the master informed him evidence would be taken on February 22, 1894; that later in the term chancery cases were set for hearing, notice thereof being given by cards exhibited in the court room, on which ap-

peared the numbers of cases so set; that some days after the setting affiant examined said cards and found this case, No. 114, did not there appear; that on March 8th, after court had adjourned for that day, he was informed, by reading in a newspaper, the cause had been heard and decree rendered against defendants; that since then he had examined the judge's docket and there found an entry of February 23d, to the effect that the order of reference was set aside and cause ordered to be set for hearing; that said orders were made without his knowledge, no notice having been given him on motion docket, or in any other manner; "that an examination of the setting cards shows that the number of the case, 114, was interpolated at some subsequent time, but when affiant does not know, nor does it appear;" that on March 8, 1894, he was in court during most of the morning, but while there the case was not called up, nor did any one give him any notice or intimation of such setting, or that it was proposed to call said case up, but if there was any hearing, advantage was taken of his temporary absence; that for twenty years it has been the invariable practice, when a case is called in the absence of resident counsel, he is called, or sent for; that exception to this practice was resorted to and had to be resorted to for the purpose of getting a decree without the knowledge of affiant or defendant; that the deception practiced on affiant by not having the case set for hearing on the cards when they were made and afterward interpolating it on such cards, placed him off his guard; that affiant desires to present evidence, in case his client is granted a day in court, to show that the amount for which the decree was taken is in excess of what is due, and in further support of the answer.

This affidavit was made March 12, 1894. There is no merit in this motion. The solicitor knew the order of reference had been made, and had from that time until March 8th, nearly two weeks, to inform himself, by inspecting the clerk's minutes and entries in the judge's docket, of the orders setting aside the order of reference, and setting the cause for hearing. Nothing appears in his affidavit to ex-

cuse the lack of diligence in failing to avail himself of these means of information. Touching the interpolation charged, it appears affiant, some days after chancery cases were set for hearing, how many days is not stated, examined the cards, and this case did not appear on them. He did not again examine them until after the decree, and says the number 114 had been interpolated at some subsequent time, but when, he knows not, nor does it appear. The order setting this cause was made on February 23d, and it is more probable it was placed on the card between then and the day set for hearing than that it was interpolated after the decree, and had he made an examination between the time he did look and the 8th day of March, he would have seen it, for aught that appears to the contrary; but, as above said, had he used reasonable diligence in informing himself as to the day set for hearing he could have been fully advised. Neither is it alleged that appellant had any defense; but affiant states he desires to present evidence to show the decree is for too much, and in further support of the answer. It is not claimed or alleged that appellant would be able to, or would produce evidence of that character if the decree was vacated.

But it also appears by the part of the record inserted in our statement and omitted entirely in appellant's abstract, that appellant was afforded an opportunity to produce evidence, and all that had been done or left undone in the course of proceeding in the cause did not prevent her from carrying out the desire expressed in the affidavit, if she elected so to do. By this record it is shown the motion to set aside the decree was filed March 12th. On the next day appellant, by her solicitor, and the other parties, by their solicitors, appeared in open court, and the motion was set for hearing on March 17th, with leave to either or both sides to introduce any evidence they may desire on the merits of the case. It was also then stated by the court that the decree would be modified or set aside as might appear proper from the evidence then to be heard. Thus notified, all the parties again appeared in open court, and

the solicitor of appellant not only failed to present any evidence on her behalf, but declined to do so. Having been offered the opportunity she had sought to produce evidence in support of her answer, and to show the decree was for too great an amount, and declining to do so without assigning any good reason therefor, the court had the right to infer the motion was made for delay, and no such evidence could be produced, and properly refused to vacate the decree. The decree is affirmed.